# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 26, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| GLENN REINHARDT, | * | |
| | * | |
| Petitioner, | * | No. 17-1257V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Michael A. Baseluos*, Baseluos Law Firm, LLC, San Antonio, TX, for Petitioner.
*Julia M. Collison*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 15, 2017, Glenn Reinhardt ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges he suffered from optic neuritis ("ON") as a result of the influenza ("flu") vaccination he received on October 11, 2016. *See* Stipulation ¶ 2, dated October 4, 2022 (ECF No. 210); *see also* Pet. at 1. On October 4, 2022, I issued a decision awarding Petitioner compensation based on the parties' stipulation. (ECF No. 212).

On November 1, 2022, Petitioner filed an application for final attorneys' fees and costs. (ECF No. 216). ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $286,588.92, representing $170,231.00 in attorneys' fees and $116,357.73 in attorneys' costs. Fees App. at 10. Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs related to his petition. Fees App. Ex. 8) Respondent responded to the motion on

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755

November 4, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 217). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

### I.     Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

#### a.   Reasonable Hourly Rates

Petitioner requests the following rates of compensation for his attorney, Mr. Michael Baseluos; $335.00 per hour for work performed in 2020, $350.00 per hour for work performed in 2021, and $375.00 per hour for work performed in 2022. These rates are consistent with what counsel has previously been awarded for his Vaccine Program work and the undersigned finds them to be reasonable herein.

#### b.   Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*,

18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $170,231.00.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $116,357.73 in attorneys' costs, comprised largely of costs for various experts. Fees App.at 10. The undersigned shall discuss these costs in turn.

1. Petitioner's Expert Costs

   a. Dr. Dean Cestari

Petitioner requests a rate of $550.00 per hour for three hours of work performed for a total of $1,650.00. The undersigned previously found this rate to be reasonable in awarding interim fees and the three additional hours billed by Dr. Cestari are reasonable. Petitioner is awarded the full amount of this request.

   b. Dr. James Patrick

Petitioner requests a total of $39,582.92 in fees and costs incurred by Dr. James Patrick. Fees App. Ex. 3 at 6. This consists of 116.25 hours at the rate of $300.00 per hour, 14 hours at the rate of $150.00 per hour and $2,607.92 in costs incurred for travel for Dr. Patrick. The requested rates were previously awarded in the decision on interim attorneys' fees and costs awarded on April 22, 2021. The undersigned finds the requested rates and number of hours billed to be reasonable and awards Dr. Patrick the requested amount of $39,582.92.

   c. Misty L. Coffman, R.N.

Petitioner requests a total of $25,710.00 in fees and costs incurred by Misty L. Coffman, R.N. Fees App. Ex. 4 at 1 – 5. This time consists of 85.7 hours at the rate of $300.00 per hour. Ms. Coffman's billing includes time spent researching and drafting life care plan, reviewing expert reports, and attending the hearing. The requested rate exceeds the rate of $250.00 previously awarded to Ms. Coffman. *See Bristow v. Sec'y of Health & Hum. Servs.*, 19-457V, 2022 WL 1782111 (Fed. Cl. Spec. Mstr. Oct 25, 2022). As this is the second case awarding rates to Ms. Coffman as a life care planner, the undersigned finds the rate of $250.00 to be reasonable based on her work product in the instant case. The amount to be awarded to Ms. Coffman is reduced to $250.00 per hour for a total award of $21,425.00.[3]

---

[3] $25,710.00 - $4,285.00 = $21,425.00.

d. Melva Perez Andrews

Petitioner requests a total of $25,197.00 for the work of Ms. Melva Perez Andrews, an occupational therapist, representing 83.99 hours billed at $300.00 per hour. Ms. Andrews graduated with a bachelor's degree in occupational therapy in 1989 and has been in the profession since that time. She also obtained an MBA in 2001 and special certification in low vision in 2006. Based on her credentials, the undersigned is satisfied that her requested hourly rate is reasonable for her work performed in the instant case, and the hours billed appear reasonable as well. The full amount for Ms. Andrews' work will therefore be awarded.

e. Robert W. Cook, PhD

Petitioner submitted billing invoices from Robert Cook, an economist, totaling $15,475.00, representing 51.6 hours billed at $300.00 per hour. The undersigned finds this hourly rate to be reasonable for Mr. Cook's work in this case and it is within the range that other special masters have awarded to economists in the Vaccine Program. *See, e.g., Konen v. Sec'y of Health & Human Servs.*, No. 18-174V, 2022 WL 226048, at *2 (Fed. Cl. Spec. Mstr. Jan. 11, 2022). Mr. Cook's hours are also reasonable. The full amount for his work shall therefore be awarded.

f. Dr. Martha P. Schatz

Dr. Schatz's invoice presents a total of $3,600.00 for her work reviewing records, preparing a narrative summary, and time spent at the damages hearing. Dr. Schatz has been a medical doctor since 1988 with a background in pediatrics and ophthalmology. Fees App. Ex. 7. Dr. Schatz's invoice is reasonable and shall be fully reimbursed.

2. Miscellaneous Attorneys' Costs

Petitioner also requests reimbursement for non-expert costs incurred by his counsel which is comprised of postage, acquiring medical records and literature, and transcript fees. These costs are all reasonable and have been supported with adequate documentation and shall be fully reimbursed.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $170,231.00 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$170,231.00** |
| | |

```
```

| | |
|---|---|
| Attorneys' Costs Requested | $116,357.73 |
| (Reduction to Costs) | **($4,285.00)** |
| | - |
| **Total Attorneys' Costs Awarded** | **$112,072.73** |
| | |
| **Total Amount Awarded** | **$282,303.73** |

**Accordingly, the undersigned awards a lump sum in the amount of $282,303.73, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Michael Baselous.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

5